**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

APR 04 2017

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| ALEZANDER DELGADO, | No. 15-15190 |
| Plaintiff-Appellant, | |
| v. | D.C. No. 1:12-cv-00319-AWI-DLB |
| L. GONZALEZ, Licensed Vocational Nurse, SATF State Prison, D-Yard, | MEMORANDUM[*] |
| Defendant-Appellee. | |

Appeal from the United States District Court
for the Eastern District of California
Anthony W. Ishii, District Judge, Presiding

Submitted March 31, 2017[**]
San Francisco, California

Before: THOMAS, Chief Judge, and HAWKINS and McKEOWN, Circuit Judges.

California state prisoner Alezander Delgado appeals pro se from the district

court's judgment dismissing his 42 U.S.C. § 1983 action alleging a First

Amendment retaliation claim in connection with an allegedly false rules violation

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

report. We have jurisdiction under 28 U.S.C. § 1291. We review de novo a dismissal under *Heck v. Humphrey*, 512 U.S. 477 (1994). *Whitaker v. Garcetti*, 486 F.3d 572, 579 (9th Cir. 2007). We vacate and remand.

The district court relied on *Edwards v. Balisok*, 520 U.S. 641, 645 (1997), for the proposition that Delgado's § 1983 was *Heck* barred. But in *Nettles v. Grounds*, 830 F.3d 922 (9th Cir. 2016) (en banc), *cert. denied*, (U.S. Jan. 9, 2017) (No. 16-6556), we recently said that the *Heck* bar as explained in *Edwards* "applies only to administrative determinations that 'necessarily' have an effect on 'the duration of time to be served.'" *Id.* at 929 n.4 (discussing *Muhammad v. Close*, 540 U.S. 749 (2004) (per curiam)). *Nettles* held that "[i]f the invalidity of the disciplinary proceedings, and therefore the restoration of good-time credits, would not necessarily affect the length of time to be served, then the claim falls outside the core of habeas and may be brought in § 1983." *Id.* at 929.

On this record, we do not know whether Delgado's rules violation and loss of sixty days of good-time credit would *necessarily* affect the length of time he must serve. It is possible for lost credits to be restored. Cal. Code Regs., tit. 15, § 3327-28. To the extent Delgado's rules violation would be used in a parole determination, the violation would only be one factor of many in a Board of Parole Hearings determination. *See Nettles*, 830 F.3d at 934–35.

2

We do not consider issues or arguments not specifically and distinctly raised and argued in the opening brief. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

Delgado's request for alternate dispute resolution, filed on December 15, 2015, is denied as moot.

**VACATED** and **REMANDED**.